IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM HURD,<br><br>              Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>              Defendant. | **8:23CV201**<br><br>**ORDER** |

This matter comes before the appointed special master following a telephone conference to discuss a disputed discovery issue. The special master orders Defendant to respond to the discovery request.

I.    BACKGROUND

This is an ADA case in which Plaintiff claims Defendant employed its fitness-for-duty procedure to hold him out of work based on a non-work-related head injury. Filing No. 1 at 8–10. Plaintiff has filed suit for "Disability Discrimination – Disparate Treatment" in violation of 42 U.S.C. § 12112(a) and "Disability Discrimination – Disparate Treatment" in violation of 42 U.S.C. § 12112(b)(6). Section 12112(a) broadly provides, "No covered entity shall discriminate against a qualified individual on the basis of disability." Section 12112(b)(6) prohibits "using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities."

1

## II.  ANALYSIS

Plaintiff seeks discovery regarding the availability of reasonable accommodations. Defendant contends such discovery is irrelevant because Plaintiff does not state a claim for failure to accommodate and denies that he is actually disabled.

### A. Legal Standard

Federal Rule of Civil Procedure 26 governs the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Although relevance is broadly construed for discovery purposes, the proponent of the discovery must make "[s]ome threshold showing of relevance . . . before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Prism Techs., LLC v. Adobe Sys., Inc.*, 284 F.R.D. 448, 449 (D. Neb. 2012) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). Instead, it must be reasonably calculated to lead to the discovery of admissible evidence. *Humphreys & Partners Architects, L.P. v. Com. Inv. Properties, Inc.*, No. 4:19CV3046, 2021 WL 3511132, at *2 (D. Neb. Aug. 10, 2021); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Defendant's argument is that any evidence of accommodations is inconsistent with Plaintiff's theory of the case that he was not actually disabled. While Plaintiff does not

2

assert a claim for failure to accommodate, his complaint is not so narrow as to exclude all evidence of possible accommodations. He asserts that he was disabled under the ADA, Filing No. 1 at 11, which could mean he had an actual disability, a record of a disability, or that he was regarded as having a disability. *See* 42 U.S.C. § 12102(1). Defendants correctly point out that an employer need not provide a reasonable accommodation to an individual who meets the definition of disability solely under the "regarded as" prong. *See* 29 C.F.R. § 1630.2(o)(4).

Plaintiff's complaint alleges that he sustained head trauma and produced certain related medical records to Union Pacific in connection with this injury. Filing No. 1 at 8–9. Plaintiff also claims he "remains capable of working in his former position with Union Pacific to this day." Filing No. 1 at 10. While Plaintiff's statement that he remains capable of working in his former job is consistent with a "regard as" theory of disability, his claims do not foreclose a "record of" or "actual" disability claim. While Union Pacific is correct that it may seem logically inconsistent to present both an actual/record of disability claim alongside a "regarded as" claim, it is not the Court's role to decide or limit Plaintiff's theories of the case. Furthermore, Defendant has pleaded a direct-threat defense, which requires a showing that Plaintiff posed "a significant risk to the health or safety of others that cannot be eliminated *by reasonable accommodation*." 42 U.S.C. § 12111(3) (emphasis added). Thus, Plaintiff has met his threshold burden of showing the relevance of evidence regarding reasonable accommodations to both a claim and a defense for purposes of Rule 26.

IT IS ORDERED:

3

1. Defendant is ordered to answer Plaintiff's discovery request relating to reasonable accommodations.

2. Pursuant to Federal Rule of Civil Procedure 53(f) and the Order Appointing Master in this case, Filing No. 37, the parties have 21 days to object to this order.

Dated this 22nd day of May, 2024.

SIGNED:

s/ Kate O. Rahel
Appointed Special Master